An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS DAVID COYER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64179

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a guilty plea of burglary. Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

Appellant Travis David Coyer contends that "[t]he State breached a term of the plea agreement by not affirmatively disclosing, on the record, that [he] fulfilled his agreement to provide assistance in the prosecution of another case." "When the State enters into a plea agreement, it is held to the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." *Sparks v. State*, 121 Nev. 107, 110, 110 P.3d 486, 487 (2005) (internal quotation marks omitted). "A plea agreement is construed according to what the defendant reasonably understood *when* he or she entered the plea." *Sullivan v. State*, 115 Nev. 383, 387, 990 P.2d 1258, 1260 (1999) (emphasis added). Here, Coyer failed to object to the alleged breach, so we review for plain error. *See id.* at 387 n.3, 990 P.2d at 1260 n.3. Neither the written plea agreement nor the plea canvass can be reasonably construed as requiring the State to inform the district court

that Coyer provided assistance in the prosecution of another case. The sentencing agreement was drafted *after* Coyer entered his plea and did not have the effect of amending the guilty plea agreement; it was not signed by Coyer and it was not presented to the district court for approval. Moreover, the sentencing agreement's terms were fulfilled.[1] The parties informed the district court that Coyer provided substantial assistance, the district court considered Coyer's assistance as a mitigating factor, and the State argued for probation. Accordingly, we conclude that Coyer's contention is belied by the record and that he has failed to demonstrate plain error in this regard.

Coyer also contends that "[t]he district court abused its sentencing discretion by failing to consider the July Sentencing Agreement and the assistance [he] provided in the prosecution of another matter." We review a district court's sentencing decision for abuse of discretion. *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). Coyer's 16-to 60-month prison sentence falls within the parameters of the relevant statute, *see* NRS 205.060(2), he has not demonstrated that the district court relied solely upon impalpable evidence, *see Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996), and the district court's decision to grant probation is discretionary, *see* NRS 176A.100(1)(c). Moreover, as

_____

[1]The sentencing agreement provided, "If I provide the substantial assistance by testifying truthfully at all criminal proceedings including but not limited to the preliminary hearing and trial, then the State will inform the Court that I have provided substantial assistance and recommend probation for the charge of burglary."

discussed above, the record indicates that the district court considered the assistance that Coyer provided as a mitigating factor. Accordingly, we conclude that the district court did not abuse its sentencing discretion.

Having determined that Coyer is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                 Cherry

cc:     Hon. Gary Fairman, District Judge
        State Public Defender/Ely
        State Public Defender/Carson City
        Attorney General/Carson City
        White Pine County District Attorney
        White Pine County Clerk